

2026:DHC:1978-DB



$~98

\* **IN THE HIGH COURT OF DELHI AT NEW DELHI**

% *Date of Decision : 10.03.2026*

+ W.P.(C) 812/2026

RAVI SHARMA, ADVOCATE

.....PETITIONER

Through:   Mr. Ravi Sharma, Mr. Aryan Chanda and Ms. Ayushi, Advs.

versus

UNION OF INDIA, MINISTRY OF NEW AND RENEWABLE ENERGY, THROUGH-SECRETARY & ORS.

.....RESPONDENTS

Through:   Ms. Anushree Bardhan, Ms. Ritika Singh, Ms. Somya Sahni & Ms. Rashmi Vaish, Advs. for R2
Mr. Rajiv Nayyar, Sr. Adv. and Mr. Darpan Wadhwa, Sr. Adv. with Mr. Mahesh Aggarwal, Mr. Rishi Aggarwala, Mr. Arshit Anand, Ms. Vidisha Swamp and Mr. Daksh Arora, Advs. for R-4 and R-5.
Mr. Aniket Prasoon, Mr. Aman Sheikh, Ms. Arehita Kashyap, Advs. for R6 & R7.

**CORAM:**
**HON'BLE MR. JUSTICE DINESH MEHTA**
**HON'BLE MR. JUSTICE VINOD KUMAR**

**ORDER**

**DINESH MEHTA, J. (ORAL)**

1. The present petition in the name of Public Interest Litigation (PIL) has been filed with the following prayers :

*"a. Issue appropriate writ in Mandamus / Certiorari and/ or any other appropriate Writ setting aside the reallocation of 2.3 GW portion of the Azure Power India Pvt Ltd to Adani Power vide PPA dated 26.12.2023 by SECI.*

Validity unknown
Signed By:PRAMOD
KUMAR VATS
Signing Date:13.03.2026
19:47:45




2026:DHC:1978-DB

*b. Issue an appropriate writ directing the appropriate investigative agencies to conduct detailed criminal and/or civil investigation.*

*c. to direct Union of India and State Governments and its instrumentalities to file periodical Compliance Reports pursuant to various directions issued by this Court"*

2. The petitioner submits that he is an advocate and practises before the Delhi High Court and claims to be an Advocate-on-Record in the Supreme court of India. He has alleged that grave irregularities have been committed in the competitive bidding process for solar power projects which has resulted in loss to public exchequer.

3. In a bid to satisfy that he is a vigilant citizen and whistle blower, the petitioner claims to have filed another PIL before the Supreme Court being W.P.(C) No. 848/2023.

4. The petitioner has approached this Court with the grievance that reallocation of 2.333 GW of power generation capacity from Azure Power India Pvt. Ltd. *(hereinafter referred to as 'Azure Power')* (R-6) to Adani Green Energy Four Ltd. *(hereinafter referred to as 'Adani Green')* (R-4) vide Power Purchase Agreement *(hereinafter referred to as 'PPA')* is illegal and contrary to norms and the same has been done in an improper manner.

5. Apprising the Court about the necessary facts, the petitioner submitted that on 25.06.2019, the Request for Selection *(hereinafter referred to as 'RfS')* was issued for selection of Solar Power Developers for setting up of 6 GW ISTS connected Solar PV power plants linked with 2 GW (per annum) Solar Manufacturing Plant. As per the notice inviting bids, the last date for furnishing bids was 13.11.2019, by which date three bidders including Adani Green (R-4) and Azure Power (R-6), took part in the process.

6. Meanwhile, the quantity appears to have been increased to 7 GW and

Validity unknown
Signed By:PRAMOD
KUMAR VATS
Signing Date:13.03.2026
19:47:45



 

accordingly, Adani Green (R-4) and Azure Power (R-6) succeeded in the bidding and out of 7 GW capacity of Solar PV Power Plant, 4.667 GW was allotted to Adani Green (R-4) and 2.333 GW was allotted to Azure Power (R-6), which was subsequently increased.

7. While contending that the capacity was increased without any fresh tender process, petitioner contended that PPA was entered into with Adani Green (R-4) on 26.12.2023, though as per the conditions of RfS and other terms and conditions of the bidding process, the PPA was to be signed within the period of ninety days from the date of Letter of Acceptance (*hereinafter referred to as 'LoA'*). He highlighted that the LoA came to be signed after a period of ninety days.

8. Petitioner further contended that with respect to tariff, though the price at the initial stage was Rs.2.92/kWh, the power purchase agreement was executed @ Rs. 2.42/kWh plus Rs.0.07 applicable margin (total Rs. 2.49/kWh).

9. The petitioner argued that these illegalities have been committed to favour Adani Green (R-4) and Azure Power (R-6) because of their clout and corrupt measures which were adopted by them which can be discerned from the indictment issued by the United States District Court, Eastern District Of New York and the Jury Report, both of which have been placed on record.

10. Having said so, he invited Court's attention towards the order dated 17.04.2025, more particularly para 25, 26 and 28 thereof which was passed by the Central Electricity Regulatory Commission, New Delhi *(hereinafter referred to as 'CERC')* in petition No. 202/MP/2024. He zealously pointed out that even CERC has noted in clear terms that there has been irregularity in the process, including the process of reallocation of the capacity and that



Validity unknown
Signed By:PRAMOD
KUMAR VATS
Signing Date:13.03.2026
19:47:45





2026:DHC:1978-DB

the decision to reallocate the 2.333 GW capacity was not placed for its approval.

11.    In a bid to substantiate his argument that even re-allocation from Azure Power (R-6) to Adani Green (R-4) was done surreptitiously, petitioner submitted that as planned, Azure Power (R-6) later on expressed its inability to carry out the work and surrendered its capacity which was then allocated to Adani Green and resultantly, the entire offered capacity for power production and manufacturing of the component was given to a single entity, namely Adani Green (R-4), which otherwise could not have been granted to a single entity. Petitioner argued that the entire exercise is colourable and has been done by way of adopting corrupt practices.

12.    On Court's query about involvement of public interest or loss to public exchequer or to the public, if any; the petitioner was not in a position to give any satisfactory answer. He tried to demonstrate that the process of tender has not been transparent.

13.    *Per contra* Mr. Rajiv Nayyar, learned Senior Counsel at the outset contended that the petition is not *bona-fide* and the petitioner has not even disclosed the fact that a PIL on the same lines is pending before the Andhra Pradesh High Court.

14.    He tried to satisfy the Court that the manner and process adopted in increasing the capacity and re-allocating the capacity from Azure Power to Adani Green was transparent and free from any doubt. However, we do not propose to enter into such arena, hence, we refrain from recording his submissions in this regard.

15.    Learned Senior Counsel also contended that the petitioner, who claims to be a public spirited man and purportedly has an experience and

Validity unknown



Signed By:PRAMOD
KUMAR VATS
Signing Date:13.03.2026
19:47:45




2026:DHC:1978-DB

expertise in the field of Electricity Disputes has not even done minimum research and necessary homework. Therefore, the petition deserves to be dismissed with exemplary cost. He expressed an apprehension that the petition can be a sponsored one or motivated by oblique motives.

16. He also submitted that the re-allocation of the capacity was approved by Andhra Pradesh Electricity Regulatory Commission on 12.04.2024 and therefore, it cannot be alleged that there was an irregularity or infirmity.

17. Heard both the parties.

18. We are of the considered view that when it comes to public interest litigation, the first and foremost aspect to be considered by the Court, before or after being satisfied about the *bona-fide* of the petitioner, is – the element of involvement of public interest. In our opinion, unless a petitioner demonstrates that any loss or injury has been caused to the public or to public exchequer, the Courts should not interfere; that too, at the instance of a so-called public interest litigant. An already finalised process and a contract which was granted two years ago, cannot be interfered with or unsettled simply because there have been some irregularities, as alleged.

19. A look at the factual matrix shows that the bids were accepted with a stipulation that the electricity will be procured @ Rs.2.42/kWh, which rate has been approved by the competent authority namely CERC.

20. The High Court is not a panacea for all diseases or crusader for all the wrongs. In the present era, when the Courts are over-burdened with a number of cases and struggle to attend to the grievance of the individuals who have approached the Courts and find themselves unable to adjudicate the rights of all the affected parties, they cannot afford to undertake the fishing and roving enquiry at the behest of a busybody, especially when no



Validity unknown
Signed By:PRAMOD
KUMAR VATS
Signing Date:13.03.2026
19:47:45



2026:DHC:1978-DB

substantial material is brought on record. Simply because a petitioner claims himself to be *bona-fide* whistle blower, the High Court cannot undertake the exercise of finding fault with the decision and decision-making process in each case. There are enough remedies and fora and machinery provided by and under the law. The petitioner who is an advocate can approach them, if he feels so advised.

21.    The Public Interest Litigation jurisdiction is meant to be exercised by the Supreme Court and High Courts essentially for giving a voice to the desolates, deprived, or less privileged class who have no mouthpiece and who form a large section of our society or for that matter, to any section of the society for whom it is not economically viable or otherwise feasible to bring their cause before the Courts. The Court can neither go on a wild chase on the basis of cursory accusation or allegations nor should the Court entertain such petitions, unless the allegations are clear, categoric, and supported by clinching evidence. Judgment of the Supreme Court in the case of **State of Jharkhand vs. Shiv Shankar Sharma and Ors.**, reported in **(2022) 19 SCC 626** may be relevant on this aspect.

22.    Furthermore, the Supreme Court in the case of **State of Uttaranchal vs. Balwant Singh Chaufal and Ors.** reported in **(2010) 3 SCC 402** laid down certain guidelines, one of which is that the Courts should be absolutely satisfied with the substantial public interest involved in the petition before entertaining the petition. It will not be out of place to reproduce the directions laid down in the case of **Balwant Singh Chaufal (supra)**:

> *"181. We have carefully considered the facts of the present case. We have also examined the law declared by this Court and other courts in a number of judgments. In order to preserve the purity and sanctity of the PIL, it has become imperative to issue the following directions:*

Validity unknown
Signed By:PRAMOD
KUMAR VATS
Signing Date:13.03.2026
19:47:45





2026:DHC:1978-DB

*(1) The Courts must encourage genuine and bona fide PIL and effectively discourage and curb the PIL filed for extraneous considerations.*

*(2) Instead of every individual Judge devising his own procedure for dealing with the public interest litigation, it would be appropriate for each High Court to properly formulate rules for encouraging the genuine PIL and discouraging the PIL filed with oblique motives. Consequently, we request that the High Courts who have not yet framed the rules, should frame the rules within three months. The Registrar General of each High Court is directed to ensure that a copy of the rules prepared by the High Court is sent to the Secretary General of this Court immediately thereafter.*

*(3) The Courts should prima facie verify the credentials of the petitioner before entertaining a PIL.*

*(4) The Courts should be prima facie satisfied regarding the correctness of the contents of the petition before entertaining a PIL.*

*__(5) The Courts should be fully satisfied that substantial public interest is involved before entertaining the petition.__*

*(6) The Courts should ensure that the petition which involves larger public interest, gravity and urgency must be given priority over other petitions.*

*__(7) The Courts before entertaining the PIL should ensure that the PIL is aimed at redressal of genuine public harm or public injury. The Court should also ensure that there is no personal gain, private motive or oblique motive behind filing the public interest litigation.__*

*(8) The Courts should also ensure that the petitions filed by busybodies for extraneous and ulterior motives must be discouraged by imposing exemplary costs or by adopting similar novel methods to curb frivolous petitions and the petitions filed for extraneous considerations.”*

*Emphasis Supplied*

23.    Furthermore, the petitioner has not been able to show the loss or injury to the public or public exchequer. The price of power per unit, at which the Solar Energy Corporation of India will purchase has been reduced after the reallocation of the capacity. Hence, it cannot be said that public

Validity unknown

Signed By:PRAMOD
KUMAR VATS
Signing Date:19.03.2026
19:47:45





2026:DHC:1978-DB

exchequer has been made to suffer.

24.    The so-called increase of capacity and allocation of Azure Power's capacity to Adani Green may at first blush appear to be an irregularity, but the same cannot be examined at the instance of the petitioner, who has no axe to grind so far as bidding process or competitive bidding is concerned. Such grievance, if at all is to be raised, can be raised by a bidder who had taken part in the bidding process. The loss (if any) has been caused to the competitive bidder or the prospective bidder, for whom the petitioner cannot be allowed to voice and litigate.

25.    For the above stated reasons, we are not inclined to enter into the arena of investigation and fishing and roving enquiry, simply because the petitioner smells some irregularity in the process.

26.    According to us, the Jury Trial demanded by the U.S. Securities and Exchange Commission, which the petitioner has placed before us (with a contention that it is a Jury Report), does not even indicate any loss to public or public exchequer.

27.    We, therefore, refuse to entertain the present PIL. The petition is, therefore, dismissed, however without any cost.

**DINESH MEHTA, J**

**VINOD KUMAR, J**

**MARCH 10, 2026/***ss*


Validity unknown
Signed By:PRAMOD
KUMAR VATS
Signing Date:13.03.2026
19:47:45