UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        -against-

GAUTAM S. ADANI, SAGAR R. ADANI, VNEET
S. JAAIN, RANJIT GUPTA, CYRIL CABANES,
SAURABH AGARWAL, DEEPAK MALHOTRA,
and RUPESH AGARWAL,

                      Defendants.

**MEMORANDUM & ORDER**
**24-CR-433 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

The court is in receipt of *pro se* movant Ashu Shukla's two un-docketed motions to intervene in this case. (Ltr. Mot. to Intervene Dated 6/1/2026; Ltr. Motion to Intervene Dated 6/24/2026.) For the following reasons, Shukla's motions to intervene are DE-NIED.

In the June 1, 2026 Letter, Shukla writes on behalf of a Mr. Upendra, a plumber in Bhopal, India, who requests the court "to direct Indian State actors to pay [Mr. Upendra] Indian (INR) Rs. 40,000, and such that if the Court chooses to entertain the so identified settlement agreement between the parties United States and Adani, [Mr. Upendra] may request the US Court to direct $275 Million in settlement amount back to India or Indian Citizens." (6/1/2026 Ltr. at 4.)

In the June 24, 2026 Letter, Shukla further claims his intervention is justified to secure $275 million from the U.S. government for himself. (*Id.* at 13-14.) Shukla alleges that (1) the Office of Foreign Assets Control's $275 million settlement with the defendants is legally invalid, (2) the Department of Justice agreed to dismiss the criminal indictment case because of that settlement, and (3) because the settlement agreement is legally invalid, the $275 million payment should be given to Shukla. (*Id.* at 13-14.)

1

This court need not address Shukla's patently outlandish arguments (which seem to center on a separate $275 million settlement not before this court) because "the Federal Rules of Criminal Procedure make no reference to a motion to intervene in a criminal case." *United States v. Milton,* 626 F. Supp. 3d 694, 699 (S.D.N.Y. 2022) (quoting *United States v. Aref,* 533 F.3d 72, 81 (2d Cir. 2008)). While there exist certain exceptions by which third parties can intervene in criminal cases, for example to assert the public's First Amendment right of access to criminal proceedings, Shukla's request clearly falls outside such exceptions. *See, e.g., United States v. Caicedo Velandia,* No. 10-CR-0288 (LG), 2019 WL 6913524, at *1 n.1 (E.D.N.Y. Dec. 19, 2019).

The court therefore DENIES Shukla's motions and respectfully DIRECTS the Clerk of Court to deny any further filings from him on this docket.

SO ORDERED.

Dated:     Brooklyn, New York
           July 15, 2026

s/Nicholas G. Garaufis, USDJ
NICHOLAS G. GARAUFIS
United States District Judge

2