UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

-against-

GAUTAM S. ADANI, SAGAR R. ADANI, VNEET
S. JAAIN, RANJIT GUPTA, CYRIL CABANES,
SAURABH AGARWAL, DEEPAK MALHOTRA,
and RUPESH AGARWAL,

Defendants.

**ORDER**
**24-CR-0433 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

The court is in receipt, earlier today, of Defendant Gautam Adani's submission responding to the court's July 8, 2026 Order directing the Defendant to respond to two questions by sworn affidavit. The submission includes the requested affidavit, (Dkt. 40-1), as well as an unsolicited declaration from counsel for Defendant, Robert J. Giuffra, Jr., (Dkt. 40-2). Mr. Giuffra's declaration provides additional context for statements in Defendant's affidavit. It also introduces new documents and new information not previously disclosed to this court. As a result, the court now requires additional information to fulfill its obligations under Federal Rule of Criminal Procedure 48(a).

The court has sought, and continues to seek, a speedy resolution to the Government's pending Motion to Dismiss the Indictment, (Dkt. 23). In furtherance of this goal, the court has carefully considered the parties' filings and sought only the additional information necessary to fulfill its obligations under Rule 48(a). On June 26, 2026, the court ordered the Government to comply with *its* obligations under the rule by providing the court with "each reason for dismissing the Indictment with prejudice as against all Defendants" and "sufficient factual support for each basis." (Dkt. 36 at 5.) On July 8, 2026, the court ordered Defendant to respond by sworn affidavit to just two questions raised by

1

new, unsolicited information volunteered in Mr. McCotter's July 4, 2026 letter. (Dkt. 38.)

As the court's previous orders illustrate, the parties continue to provide information regarding the Government's dismissal determination in piecemeal fashion. What's more, the parties continue to *volunteer* information not requested by this court, prompting new questions and appearing to contradict previous representations made to this court. The court's June 26, 2026 Order requested only the Government's reasons for dismissal. Mr. McCotter provided an accounting of his reasons for dismissal and also offered up his "Non-Considerations." Mr. McCotter's unsolicited disclosure included new information not yet brought to the court's attention; namely, the existence of a possible agreement to drop the charges in exchange for Defendant's promise to "invest money in the United States." (Dkt. 37 at 9.) The court's July 8, 2026 Order requested only Defendant's sworn assurances that there was no such agreement. In addition to the requested affidavit, Mr. Giuffra has now opted to include his own declaration.

Just as Mr. McCotter's July 4 letter introduced new, unsolicited information, so too does Mr. Giuffra's declaration. As a result (and just as it did following Mr. McCotter's volunteered disclosures), the court now requires additional information under Rule 48(a) in order to "be satisfied that the reasons advanced [by the Government] for the proposed dismissal are . . . the real grounds upon which the application is based." *United States v. Adams*, 777 F. Supp. 3d 185, 208 (S.D.N.Y. 2025) (internal citations omitted).

2

Mr. Giuffra's declaration states that:

> Ultimately, the DOJ advised us that it would not consider the Adani Group's willingness to invest in the United States as a part of any resolution. Specifically, in a May 11, 2026 email to me, Joseph Nocella (United States Attorney for the Eastern District of New York), copying Trent McCotter (Principal Associate Deputy Attorney General) and Tysen Duva (Assistant Attorney General, Criminal Division), advised that:
>
> > [T]he portion of the joint defense offer made by Gautam Adani, represented by Sullivan & Cromwell, Sagar R. Adani, represented by Nixon Peabody LLP and Hecker Fink LLP, and Vneet S. Jaain, represented by Norton Rose Fulbright US LLP, to resolve the criminal charges against them by, in part, a general proposal to invest $10 billion in the United States is **categorically rejected by this Office**.
> >
> > We understand that other grounds for resolution of the pending criminal charges with the Department of Justice are being explored. However, please know that the above-referenced proposal, which appeared in your April 17, 2026, slide deck presentation, **will not be considered by this Office**.
> >
> > While we are aware of, and appreciate, your client's initiation of simultaneous resolutions of charges brought, or contemplated, by the SEC and the Treasury Department Office of Foreign Assets Control we would also like to clarify that resolutions of such charges are independent of the resolution of the pending criminal charges.

(Dkt. 40-2 ¶ 12 (emphases added).)

3

This statement, and the May 11, 2026 email from U.S. Attorney Nocella it purports to quote, raise yet more questions the court must answer. Consequently, and for the reasons explained below, the court requires additional information.

*First,* the court was not previously made aware of U.S. Attorney Nocella's role in the decision to dismiss the Indictment. Instead, Mr. McCotter's July 4 letter states that he was the "final and **sole decisionmaker** to seek dismissal of the charges here." (Dkt. 37 at 3 (emphasis added).) The representations made in Mr. Giuffra's declaration and the quoted portions of U.S. Attorney Nocella's email appear to directly contradict that claim and to call into doubt whether Mr. McCotter's professed reasons for seeking dismissal of the Indictment are the "real" and complete reasons on which the Government's motion is based. *Adams,* 777 F. Supp. 3d at 208. The excerpt suggests that, in fact, U.S. Attorney Nocella was also a decisionmaker and involved in the process to resolve the charges against Defendants—including the determination of the "grounds for resolution of the pending criminal charges with the Department of Justice"—as recently as May 11, 2026. (Dkt. 40-2 ¶ 12.) In other words, Mr. Giuffra's declaration appears to show that U.S. Attorney Nocella made specific representations to defense counsel regarding the terms and reasons for any resolution of this case just one week prior to the filing of the Government's pending motion to dismiss. While the U.S. Attorney signed the Government's pending motion, (Dkt. 23), he did not sign Mr. McCotter's July 4 letter. In fact, Mr. McCotter did "not ask[] the U.S. Attorney or any other attorney to sign th[e] submission." (Dkt. 37 at 10 n.3.) Under the circumstances, the court finds it necessary for the U.S. Attorney to provide his assurances that "the reasons advanced [by Mr. McCotter] for the proposed dismissal are . . . the real grounds upon which the application is based." *Adams,* 777 F. Supp. 3d at 208.

4

Furthermore, Mr. Giuffra's representations regarding the U.S. Attorney's May 11, 2026 email also appear to contradict Mr. McCotter's prior representations to this court that he alone "made the decision to dismiss these charges" and did so only "after conducting numerous meetings with defense counsel" and "separate meetings with only Department counsel." (Dkt. 37 at 6.) More pointedly, nowhere did Mr. McCotter even suggest that he had consulted the U.S. Attorney. To clarify the record, the court requires a statement from U.S. Attorney Nocella before it can resolve the pending motion. Under Rule 48(a), the court must now be sure that *all* decisionmakers have the opportunity to provide the Government's real and exhaustive reasons for dismissal of all charges as alleged against all Defendants in this case.

***Second***, the court was not previously made aware of U.S. Attorney Nocella's email nor has the complete email been previously provided to this court. In order to evaluate the significance of the statements on which Mr. Giuffra relies, the court requires the full email, of which the quoted text above appears to be only a part.

For the reasons explained above, the court ORDERS as follows:

1. The court DIRECTS U.S. Attorney Nocella to submit a sworn statement addressing the following two questions no later than **Friday, July 17, 2026**:

   a. whether he agrees (or disagrees) with each enumerated basis for dismissing the charges as set forth on pages 6-9 of Mr. McCotter's July 4 letter, (Dkt. 37); and

   b. whether any additional bases exist for the Government's decision to dismiss the Indictment, and if so, what those bases are, including sufficient factual support.

2. The court DIRECTS Mr. Giuffra to submit the full document quoted in Paragraph 12 of his declaration by **noon, tomorrow, Thursday, July 16, 2026.**

SO ORDERED.

Dated:    Brooklyn, New York
          July 15 , 2026

s/Nicholas G. Garaufis, USDJ
NICHOLAS G. GARAUFIS
United States District Judge
