**U.S. Department of Justice**

August 14, 2026

By ECF

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Gautam S. Adani et al.
Criminal Docket No. 24-433 (NGG)

The Court's text Order dated August 12 stated that the Government's August 11 submission did not provide "factual support" for the bases for seeking dismissal of Counts One and Five.

The Government respectfully disagrees. The August 11 submission provided fact-based reasons, as did the July 4 submission. My averments about my reasons and decision-making process, as well my lengthy explanations of the factual and legal bases for those reasons, are more than sufficient to allow the Court to grant the Rule 48 motion. In particular, with respect to considerations of policy priorities, resources, and prosecutorial discretion, the statements of the actual decisionmaker provide any necessary evidentiary basis in full.

Specifically, there was a *lack* of evidence showing that the FCPA charges satisfied the Blanche Memorandum—i.e., there was no cartel involved, there are no national security concerns, and there were no U.S. companies injured. By definition, there can be no "factual support" for something that simply does not exist; I cannot prove a negative. And it is precisely that lack of evidence that drove the decision to seek dismissal of those charges. The remaining bases for dismissal were premised on prosecutorial discretion: among other things, that the Government will not devote resources to a tagalong obstruction charge in this case when no underlying crime is being pursued. The factual support for these determinations based on policy and Article II discretion is a statement by the decision-maker.

To the extent the Court has declined to consider those specific explanations and my previous explanations because they were previously unsworn, I hereby swear to their accuracy to the best of my knowledge, and this submission itself is made under penalty of perjury.

The Government otherwise stands on its August 11 filing, which, combined with its prior filings, provides far more information than Rule 48 or any binding precedent requires. The Government has waived privilege to address the Court's Orders in good faith and to provide a much more detailed account of internal deliberations than a court typically receives. If the Court is still not satisfied, it must deny the remaining portion of the motion to dismiss to allow for appellate relief that will ensure the remaining defendants are not left in the lurch.

The Court's August 12 Order also stated that the Government's August 11 submission did not provide "confirmation" that the Government had informed non-appearing defendants' counsel of the Court's August 10 Order. Respectfully, the Court's August 10 Order did not direct the Government to provide such confirmation. Rather, the Court ordered the Government to inform those additional counsel, but no mention was made of providing confirmation to the Court. To avoid further delaying the prompt dismissal of these charges, however, the Government now confirms it provided the required notice by email at 3:59 p.m. on August 10, i.e., less than an hour after the Court's Order issued.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 13, 2026.

R. TRENT MCCOTTER
Acting Deputy Attorney General

SHERYL L. THOMPKINS
NOTARY PUBLIC
MY COMMISSION EXPIRES 9.30.2026
DISTRICT OF COLUMBIA

cc: Counsel of Record (by ECF)
Winston Paes (by E-mail)
Paul Schoeman (by E-mail)
Stephen Best (by E-mail)
Michael Kendall (by E-mail)
Iris Bennett & Patrick Linehan (by E-mail)

District of Columbia
Signed and sworn to (or affirmed) before me on 8/13/26 by R. Trent McCotter
Date — Name(s) of Individual(s) making Statement

Signature of Notarial Officer

Notary Public
Title of Office

My commission expires: 9/30/2026